UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY GAUTREAU | CIVIL ACTION |
| VERSUS | NO. 18-988-JWD-EWD |
| ENLINK MIDSTREAM OPERATING GP, LLC; ENLINK MIDSTREAM, LP; EDWIN CORMIER, JR.; GREG GIBSON | |

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 26, 2018

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFREY GAUTREAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-988-JWD-EWD** |
| **ENLINK MIDSTREAM OPERATING GP, LLC; ENLINK MIDSTREAM, LP; EDWIN CORMIER, JR.; GREG GIBSON** | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the court is the Notice of Removal (the "Removal")[1] filed by Defendants EnLink Midstream Operating GP, LLC, EnLink Midstream Operating, LP, (collectively, "Enlink"), Greg Gibson ("Gibson") and Edwin Cormier, Jr. ("Cormier") (collectively, "Defendants"). Plaintiff Jeffrey Gautreau ("Plaintiff") has not filed a motion to remand; however, for the reasons set forth herein, the undersigned *sua sponte*[2] **RECOMMENDS** that this matter be **REMANDED** to the Twenty-Third Judicial District Court, Parish of Ascension, State of Louisiana.

**I.   Facts and Procedural Background**

On or about September 26, 2018, Plaintiff filed his Petition for Damages ("Petition") in the Twenty-Third Judicial District Court for the Parish of Ascension.[3] In the Petition, Plaintiff alleges that he was the target[4] of age and sex-based discrimination, harassment, hostile work environment, and retaliation by several supervisors, including Defendants Gibson and Cormier, at his former job

---

[1] R. Doc. 1.
[2] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[3] R. Doc. 1-4.
[4] Plaintiff also alleges other unnamed individuals were subjected to illegal discrimination and harassment as well. *See,* for example, R. Doc. 1-1 at ¶¶ 19-20.

with Enlink.[5] Plaintiff claims Defendants denied him promotions and asked him repeated derogatory questions regarding his age, retirement intentions, and sexual performance and that Defendants threatened to call Plaintiff's wife to discuss his sexual performance. Plaintiff further contends Defendants ordered him to sexually assault Plaintiff's female subordinate. Plaintiff claims he was instructed to falsify reports on threat of losing his job. Plaintiff further alleges that Defendants demoted him in retaliation for Plaintiff's reports of harassment and the unsafe behavior of his supervisor.[6]

Plaintiff also alleges that, as a result of and in the midst of the foregoing, he suffered with stress, anxiety, depression, and sleep deprivation which necessitated two months of medical leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 261.[7] While on medical leave from May 2017 through July 2017, Plaintiff claims that his supervisors called to speak to him about work/asked him to work.[8] Then, upon his return from medical leave, Plaintiff alleges that his supervisors discussed removing some of his duties, formally demoted him to a lesser position, and informed him that he could not seek a promotion.[9] On September 26, 2017, Plaintiff resigned from his employment, allegedly because of the hostile environment.[10]

Plaintiff claims to have suffered damage to his reputation and mental anguish, as well as loss of his: enjoyment of life, salary of $105,000 per year, 20% bonus plan, health insurance, stock

---

[5] R. Doc. ¶ 7, 12.
[6] R. Doc. 1-1, ¶¶ 10, 13, 14, 16, 17, 22-23, 32, 34, 35, and 41, among other allegations.
[7] R. Doc. 1-1, ¶ 25.
[8] R. Doc. 1-1, ¶ 27.
[9] R. Doc. 1-1, ¶¶ 28-30. Plaintiff specifically alleges, in pertinent part: "While the Plaintiff was on FMLA medical leave, Mr. Cormier had Plant Manager Chad Vaughn contact Mr. Gautreau several times by telephone and emailed [sic] him with work questions…." *Id.* at ¶ 27. "During Mr. Gautreau's return-to-work meeting…comments were made about moving Mr. Gautreau away from the Senior Lead Operators." *Id.* at ¶ 29. And, "Shortly after his return from FMLA leave, Mr. Gautreau was demoted. He then asked if he could apply for the position of Plant Foreman, the position he occupied prior to his demotion. Mr. Gautreau was told that he absolutely could not apply for the job…." *Id.* at ¶ 30.
[10] R. Doc. 1-1, ¶ 42.

options, ten additional years of employment, retirement expansion, and promotional opportunities.[11] Plaintiff asserts claims for compensatory damages, attorneys' fees, litigation expenses, and costs specifically under Louisiana law, *i.e.*, Louisiana's Employment Discrimination Law (the "LEDL"), La. R.S. 23:301, *et seq*., and Louisiana's Whistleblower Protection Act ("LWA"), La. R.S. 23:967.[12] Plaintiff also alleges that Defendants are liable to Plaintiff for intentional infliction of emotional distress.[13] Plaintiff does not specifically assert a claim for damages or rights to relief under the FMLA, or any other federal law, in his Petition.

On October 31, 2018, Defendants removed this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.[14] Defendants contend that this Court has federal question jurisdiction over Plaintiff's claims in this action, as follows:

8.

This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331, as Plaintiff's Petition invokes a federal question. Plaintiff has pleaded claims for FMLA interference and retaliation for his taking FMLA leave, in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601. (Petition, ¶¶ 25-27, 30). Specifically, Plaintiff alleges that in light of the hostile work environment based on his age, sex, and protected activities, he took two months of FMLA leave. (*Id.*, ¶ 25). While on leave, Plaintiff's claims that his supervisor contacted him several times with work questions while he was on FMLA leave, in violation of FMLA rules requiring minimal work-related contact during periods of leave. (*Id.*, ¶ 27). He further alleges

---

[11] R. Doc. 1-1, ¶ 45.
[12] R. Doc. 1-1, ¶¶ 7, 45-46 and prayer for relief.
[13] R. Doc. 1-1, ¶ 44.
[14] R. Doc. 1, ¶¶ 1, 8-11.

3

that when he returned to work following his FMLA leave, the hostile work environment continued and he was ultimately demoted. (*Id*., ¶¶ 28 – 30).[15]

9.

Because Plaintiff's Petition states facts that set forth claims for interference and retaliation under the FMLA, a federal law, this Court has original federal question jurisdiction. *See Louisiana Commerce & Trade Ass'n Self Insurers Fund v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 13- 773-JJB-RLB, 2015 WL 6697238, at *6 (M.D. La. Nov. 3, 2015) ("Louisiana employs a pleading system 'based upon the narration of factual allegations.'" (quoting *Emigh v. W. Calcasieu Cameron Hosp.,* 145 So. 3d 369, 372 (La. 2014)); La. Code Civ. Proc. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.").[16] Defendants further contend that this Court has supplemental jurisdiction over Plaintiff's claims of age and sex discrimination, hostile work environment, and retaliation under the LEDL and reprisal under the LWA because they are so closely related to Plaintiff's FMLA claims that they form part of the same case or controversy.[17]

Plaintiff has not filed a motion to remand; however, the Court *sua sponte* raises the issue of whether it may exercise federal question jurisdiction in this matter.[18]

---

[15] R. Doc. 1, ¶ 8.
[16] R. Doc. 1, ¶ 9.
[17] R. Doc. 1, ¶ 10.
[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

4

## II.   Law and Analysis

### A. Legal Standard

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction."[19]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[20]  The party seeking removal bears the burden of demonstrating that federal subject matter jurisdiction exists.[21]  "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"[22]

"A case aris[es] under federal law for § 1331 purposes if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[23]  Because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction, and the party seeking removal bears the burden of demonstrating that a federal question exists pursuant to 28 U.S.C. § 1331.[24]

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of

---

[19] *Maze v. Protective Ins. Co.*, No. 16-15424, 2017 WL 164420, at *1 (E.D. La. Jan. 17, 2017) (*citing Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002)).
[20] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[21] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Manguno*, 276 F.3d at 723.
[22] *Gutierrez*, 543 F.3d at 251 (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).
[23] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 678 (2006) (internal quotations omitted).  *See also*, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005)  (explaining that federal question jurisdiction "is invoked by and large by plaintiffs pleading a cause of action created by federal law" but "[t]here is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal interests.").
[24] *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

5

removal.[25] Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law.[26]

### B. Plaintiff's Reference to the FMLA Does Not Confer Federal Subject Matter Jurisdiction

Defendants removed this matter based on Plaintiff's reference to taking FMLA leave due to an allegedly hostile work environment, Plaintiff's supervisor contacting Plaintiff several times with work questions while he was on FMLA leave, and Plaintiff being demoted after returning from leave.[27] While these allegations could potentially give rise to claims for FMLA retaliation, Plaintiff has not alleged such a cause of action in his Petition. Rather, Plaintiff's Petition reflects that Plaintiff has limited his claims to discrimination, harassment, hostile work environment, and retaliation in violation of the LEDL and the LWA, and intentional infliction of emotional distress, as follows (emphasis added in all):

7.

While employed at Enlink, Mr. Gautreau was subjected to discrimination, harassment and retaliation, on the basis of his age and sex, of sufficient severity and/or pervasiveness to constitute a hostile work environment, in violation of the Louisiana Employment Discrimination Law **("LEDL"), La. R.S. 23:332**. The Plaintiff further alleges that the Defendant engaged in prohibited reprisals against him in violation of the Louisiana Whistleblower Protection Act **("LWA"), La. R.S. 23:967**.[28]

…

---

[25] *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).
[26] *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).
[27] R. Doc. 1, ¶¶ 8-9.
[28] R. Doc. 1-1, ¶ 7.

> 10.
>
> Mr. Gautreau was discriminated against on the basis of his age, was sexually harassed, ordered to cover up serious safety violations, and was retaliated against for speaking out about these violations and disclosing sexual harassment and misconduct by managers. He was denied promotional opportunities, subjected to a hostile work environment, and ultimately constructively discharged.[29]
>
> …
>
> 44.
>
> The Plaintiff alleges that the actions of Mr. Cormier and Mr. Gibson described herein were extreme and outrageous, were calculated to cause, and did cause, severe emotional distress to Mr. Gautreau.  Thus, all of the Defendants are liable to the Plaintiff for the tort of "**intentional infliction of emotional distress**."[30]

Plaintiff then alleges that, "As a result of the Defendants' actions" he has suffered damages for which he "is entitled to compensatory damages under the **LEDL and LWA**."[31]  Further:

> 46.
>
> Petitioner is entitled to and desires an award of attorneys' fees, litigation expenses, and costs, pursuant to the **LEDL and LWA**.[32]
>
> …
>
> WHEREFORE, the Plaintiff, Jeffrey Gautreau, prays for judgment against the Defendant, Enlink Midstream as follows:
>
> …
>
> I.   For such damages as are reasonable in the premises against defendant, together with legal interest from the date of judicial demand;

---

[29] R. Doc. 1-1, ¶ 10.
[30] R. Doc. 1-1, ¶ 44.
[31] *Id.* at ¶ 45.
[32] *Id.* at ¶ 46.

7

>    II.    For reasonable attorney's fees, litigation expenses, and costs in accordance with **La. R.S. 23:967 and La. R.S. 23:332**....[33]

Plaintiff's Petition describes, in great detail, allegations of age-based and sex-based harassment and a hostile work environment. *See, e.g.,* paragraph 13 ("Mr. Gautreau was discriminated against on a regular basis due to his age…"); paragraph 14 "(In addition to being subjected to derogatory remarks about his age, Mr. Gautreau was sexually harassed."); paragraph 15 ("Instances of sexual harassment and misconduct by Mr. Gautreau's supervisor, Chad Vaughn, and other upper managers, were continually directed at Mr. Gautreau or occurred in his presence."); and paragraph 17 ("…Operations Manager, Eddie Cormier, ordered the Plaintiff to sexually assault a female subordinate…"); among many other allegations of sex and age-based harassment, discrimination and harassment.[34] Plaintiff also sets forth allegations of retaliation for reporting safety violations. *See, e.g.*, paragraphs 22-23 (Plaintiff spoke with Cormier about Plaintiff's supervisor's safety violations and thereafter Plaintiff's performance reviews fell and he was demoted); paragraph 34 (Harassment and discrimination increased after Plaintiff reported safety violations to upper management); and paragraph 35 (Plaintiff was threatened that his career would be over if he discussed job-related or workplace issues with anyone, including local, state, and federal officials), among other allegations.[35]

In contrast, Plaintiff has not asserted a cause of action in this Court for interference with, or retaliation for exercising, his FMLA rights. At most, Plaintiff references taking FMLA leave as a result of the allegedly hostile environment and harassment, being asked to work while on such leave (which he objected to), and being demoted after he returned from such leave. But, Plaintiff does not assert rights to relief under the FMLA based on these or any other actions and it is not

---

[33] *Id*. at prayer for damages, p. 12.
[34] R. Doc. 1-1, ¶¶ 13-15, 17.
[35] *Id*. at. ¶¶ 22-23, 34-35.

8

apparent from the Petition itself that Plaintiff is seeking damages herein based on these actions being violative of the FMLA. Rather, Plaintiff alleges that, upon his return to work, "the environment had not changed," which suggests that Plaintiff considers the actions following his leave to be additional evidence of a hostile work environment based on his age and sex.[36] Plaintiff also appears to attribute his demotion to retaliation for reporting his supervisor's unsafe behavior:

> Immediately after Mr. Gautreau reported Mr. Vaughn's unsafe behavior, his performance reviews began to fall….It was at this time that Mr. Gautreau was demoted."[37]

In the Petition, Plaintiff specifically references the LEDL, the LWA, and intentional infliction of emotional distress.[38] "[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction."[39] Having reviewed the Petition as a whole, the Court finds insufficient grounds to infer that Plaintiff has raised an FMLA or any other federal cause of action that would support a finding that this Court has federal question jurisdiction over the removed action.[40] To the extent the Petition raises

---

[36] R. Doc. 1-1, ¶ 28.

[37] *Id.* at ¶ 23.

[38] R. Doc. 1-1, ¶¶ 7, 10, 44, 46. Although Defendants rely on *Louisiana Commerce & Trade Ass'n Self Insurers Fund v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 13-773-JJB-RLB, 2015 WL 6697238, at *6 (M.D. La. Nov. 3, 2015), for the proposition that the factual allegations asserted by Plaintiff are sufficient to give rise to federal question jurisdiction, because Plaintiff has explicitly asserted that his claims arise under Louisiana state law, this is not an instance in which the Court must scrutinize the relief sought in order to determine the claim's statutory grounds. *Compare*, *Caravanas v. Hall*, No. 991405, 1999 WL 605491, at *2 (E.D. La. Aug. 10, 1999) (explaining that "the fact that [plaintiff's] petition cites no statutory provisions whatsoever forces this Court to scrutinize his claim of sexual harassment more closely for its statutory grounds" and concluding that plaintiff's "claim for punitive damages…necessarily arises under federal law.") *with Willie v. Greenleaf Wholesale Florists, Inc.*, No. 00-1977, 2000 WL 1877114, at *3 (E.D. La. Dec. 27, 2000) ("In *Caravanas*, the Court scrutinized a claim of sexual harassment to determine its statutory basis because the plaintiff failed to cite Louisiana law. The Court in *Caravanas* examined the circumstances surrounding the action to determine whether the claim arose under federal or state law. The present case, however, is distinguishable from *Caravanas* in that Willie has clearly cited Louisiana Employment Discrimination Statutes, LA R.S. 23:1006, et seq. and LA R.S. 51:2242, 51:2256 and 51:2264, as statutory grounds for her claim. Therefore, Willie's claim expressly arises under state law.").

[39] *Avitts*, 53 F.3d at 693.

[40] Neither the Petition nor the Notice of Removal adequately pleads the citizenship of the parties. However, the Petition alleges that Cormier and Gibson are citizens of Louisiana (R. Doc. 1-1, ¶ 4). Assuming Plaintiff is also a citizen of Louisiana (not just a resident), diversity jurisdiction would not exist.

ambiguities regarding whether a federal question has been raised, the Fifth Circuit has directed such ambiguities to be construed against removal.[41] Indeed, this situation often arises in the context of Title VII cases and "[t]he case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained references and/or more substantial inferences to Title VII than in this case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim."[42] The same result is required here.

Plaintiff is the master of his pleadings and has chosen not to allege any claims under the FMLA, Title VII, the ADEA, or any other federal statute. Instead, Plaintiff has chosen to proceed only under state law with regard to his discrimination and harassment claims. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."[43] Further, "subject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction."[44]

As noted above, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[45] Accordingly, the undersigned finds that Defendants have not carried their burden of demonstrating that federal question subject matter jurisdiction exists and therefore recommends that this matter be remanded[46] to the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana.

---

[41] *See Manguno*, 276 F.2d at 723.
[42] *Dupre v. Family Dollar Stores of Louisiana*, No. 15-01432, 2015 WL 3791705, at *2 (W.D. La. June 16, 2015) (collecting cases).
[43] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809, n. 6 (1986).
[44] *Id.*
[45] *Manguno*, 276 F.3d at 723.
[46] The fact that Plaintiff has not sought remand is not dispositive of the question of whether subject matter jurisdiction exists. It is axiomatic that subject matter jurisdiction cannot be conferred by consent, agreement or other conduct of the parties. *See Gasch*, 491 F. 3d at 284 *citing In re Tex. Consumer Fin. Corp*, 480 F.2d 1261, 1266 (5th Cir. 1973).

**III.    Recommendation**

For the reasons set forth herein, the undersigned **RECOMMENDS**, *sua sponte*, that this matter, initiated by the Notice of Removal filed by Defendants EnLink Midstream Operating GP, LLC, EnLink Midstream Operating, LP, Greg Gibson and Edwin Cormier, Jr., be **REMANDED** to the Twenty-Third Judicial District Court, Parish of Ascension, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 26, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**